UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KARON L. MERRICK, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-292 RM |
| ) | |
| WAL-MART SUPERCENTER, ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

This cause is before the court on the motion of Wal-Mart SuperCenter to dismiss the claims of Karon Merrick and Danny Merrick pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Merricks filed their complaint in the Elkhart Superior Court on April 12, 2006 based on injuries Mrs. Merrick sustained in August 2004 when she fell while shopping at the Wal-Mart SuperCenter in Goshen, Indiana. Wal-Mart removed the case to this court and moved to dismiss the Merricks' claims. Wal-Mart maintains the Merricks lack standing to bring their claims and their complaint should be dismissed for lack of subject matter jurisdiction. The Merricks have not responded to Wal-Mart's motion, and the time for doing so has passed.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints for lack of standing. See Warth v. Seldin, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. . . . This is the threshold question

in every federal case, determining the power of the court to entertain the suit."). "Obviously, if a plaintiff cannot establish standing to sue, relief from the court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." American Fed'n of Gov't Employees, Local 2119 v. Cohen, 171 F.3d 460, 465 (7th Cir. 1999). When considering a motion to dismiss for lack of standing, the court may look beyond the allegations of the complaint to evidence that calls the court's jurisdiction into question. Bastuen v. AT&T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000). The plaintiff bears the burden of establishing the required elements of standing and coming forward with "competent proof – that is a showing by a preponderance of the evidence – that standing exists." Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003).

Wal-Mart submitted a copy of the Merricks' joint Chapter 7 Bankruptcy Petition, dated on November 18, 2004. Wal-Mart notes the Merricks didn't disclose the possibility of their personal injury claims against Wal-Mart as required on Schedule B, Line 20, where the debtor must identify "other contingent and unliquidated claims of every nature." The Merricks checked "None" as their response on Line 20, *see* Mot., Exh. A, pt. 2, even though Mrs. Merrick's injuries occurred a number of months prior to the filing of their bankruptcy petition. Wal-Mart also notes that the order of discharge was entered in the Merricks' bankruptcy proceedings on February 28, 2005 without the Merricks ever having amended their petition to include their potential claims against Wal-Mart. *See* Mot., Exh. B. According to Wal-Mart, the Merricks' personal injury claims are an

2

asset of the bankruptcy estate. Wal-Mart maintains that because the Merricks haven't filed a motion to reopen their bankruptcy case to disclose their claims against Wal-Mart as a potential asset, and the bankruptcy trustee hasn't filed a motion to abandon this cause of action, the real party in interest is J. Richard Ransel, the bankruptcy trustee.

The injuries the Merricks complain of occurred in August 2004. They filed their bankruptcy petition in November 2004. With the filing of that petition, virtually all of their property became property of the bankruptcy estate. "Property of the estate" under Section 541 of the Bankruptcy Code includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor's "contingent interest in future income has consistently been found to be property of the bankruptcy estate. In fact, every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative, is within the reach of § 541." Matter of Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (citations omitted). "Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." Matter of Yonikus, 974 F.2d 901, 904 (7th Cir. 1992). And while debtors are permitted to claim certain property as exempt under 11 U.S.C. § 522, the Merricks didn't list their potential claims against Wal-Mart as exempt property on Schedule C of the bankruptcy petition, *see* Mot., Exh. A, pt. 2, nor have they argued that their claims qualify as exempt property under the statute.

3

The Merricks filed their bankruptcy petition without disclosing or including their potential claims against Wal-Mart; their bankruptcy was discharged, and they filed their personal injury complaint four months later. Because "only the trustee has standing to prosecute or defend a claim belonging to the estate," <u>Cable v. Ivy Tech State College</u>, 200 F.3d 467, 472 (7th Cir. 1999), and the Merricks haven't come forward with any evidence to establish their standing to bring the personal injury claims here at issue, the motion of Wal-Mart SuperCenter to dismiss [docket # 14] is GRANTED.

SO ORDERED.

ENTERED:   December 27, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court