UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KARON L. MERRICK, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-292 RM |
| ) | |
| WAL-MART SUPERCENTER, ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

Karon Merrick sustained injuries in August 2004 when she fell at the Wal-Mart SuperCenter in Goshen, Indiana. In November 2004, Karon and her husband Danny Merrick filed a joint Chapter 7 bankruptcy petition, which was discharged in February 2005 without the Merricks having included or disclosed their potential claims against Wal-Mart. The following April, the Merricks filed a personal injury complaint against Wal-Mart, but because "only the trustee has standing to prosecute or defend a claim belonging to the estate," Cable v. Ivy Tech State College, 200 F.3d 467, 472 (7th Cir. 1999), the court dismissed the Merricks' complaint based on their lack of standing to bring their claims. *See* Opinion and Order, dated Dec. 27, 2006 [docket # 19].

This cause is now before the court on the motions of bankruptcy trustee J. Richard Ransel to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and for relief from judgment pursuant to Federal Rule of Civil

Procedure 60(b)(1) and (6). Also pending is a motion to withdraw appearance filed by counsel for the Merricks.

*Motion to Intervene as of Right*

The Trustee seeks leave to intervene so the court can consider his motion for relief from judgment. Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: a timely application; an interest relating to the subject matter of the action; potential impairment, as a practical matter, of that interest by the disposition of the action; and lack of adequate representation of the interest by the existing parties to the action. Heartwood, Inc. v. United States Forest Serv., Inc., 316 F.3d 694, 700 (7th Cir. 2003). "[A]t some fundamental level the proposed intervenor must have a stake in the litigation." Sokaogon Chippewa Cmty. v. Babbitt, 214 F.3d 941, 946 (7th Cir. 2000).

The facts and circumstances of this action confirm that the last three requirements of Rule 24(a)(2) are met: the Trustee has an interest in the subject matter of the Merricks' personal injury action, the Trustee would be impaired if not granted leave to intervene, and because counsel representing the Merricks has indicated an unwillingness to represent the Trustee in this matter, the Trustee, as the real party in interest, would lack adequate representation by the existing parties to the action. Whether the Trustee has demonstrated the filing of a timely application, as the first element requires, is less clear.

"A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." Heartwood, Inc. v. United States Forest Serv., 316 F.3d 694, 701 (7th Cir. 2003). In deciding whether a motion to intervene is timely, the court must consider "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." Sokaogon Chippewa Cmty. v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000).

The Trustee notes that the Merricks didn't disclose their potential personal injury claims in their bankruptcy proceedings, and reports that although the Merricks filed their personal injury complaint in April 2006, he didn't learn about the filing of the Merricks' complaint until mid-October when counsel for Wal-Mart contacted him. The Trustee says in an effort to intervene and pursue the claims on behalf of the Merricks' bankruptcy estate, he contacted the Merricks' counsel requesting that counsel substitute the Trustee as the real party in interest and seek approval from the bankruptcy court to represent the Trustee in the personal injury action (by letters of October 31, November 27, and December 26); he petitioned (on October 30) and was granted leave from the bankruptcy court (on November 2) to reopen the Merricks' bankruptcy case; and when he learned from the Merricks' counsel (by letter dated January 4, 2007) that the personal injury complaint had been dismissed, he filed his motions to intervene and for relief from

3

judgment (on January 16). The court can't say that the Trustee's delay of three months in filing his motion to intervene after learning of the existence of the Merricks' lawsuit is unreasonable or that his petition is untimely.

Wal-Mart hasn't pointed to any prejudice it suffered from the Trustee's delay in filing his motion to intervene. On the other hand, the Trustee asserts that the bankruptcy estate "will lose what could be a valuable asset" if the motion to intervene is denied. Mot., ¶ 11.

Based on the totality of the circumstances, the court concludes that the requirements of Rule 24(a)(2) have been met and the Trustee's motion to intervene will be granted.

*Motion for Relief from Judgment*

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000).

The Trustee filed his motion for relief from the dismissal of this action pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), but didn't address until his reply brief any of the applicable grounds for relief under the Rule. Arguments that first appear in a reply brief generally are deemed waived. Hart v.

4

<u>Transit Mgmt. of Racine, Inc.</u>, 426 F.3d 863, 867 (7th Cir. 2005). Because the Trustee's reply brief arguments can be viewed as expounding upon the explanations contained in his motion, however, rather than advancing new arguments to which the defendant didn't have a chance to address, the court concludes that the Trustee has shown exceptional circumstances – the preservation of an asset of the bankruptcy estate and the possibility of recovering monies for use in repaying a portion of the Merricks' unsecured debt in the amount of $294,514.47 – sufficient to justify setting aside the judgment.

Accordingly, the court

(a) GRANTS the Trustee's motion to intervene [docket # 22] and the Trustee's motion for relief from judgment [docket # 24];

(b) DENIES as unnecessary the Trustee's motions for a hearing on the motion to intervene and for relief from judgment [docket # 30 and 31];

(c) GRANTS the motions of David Stutsman [docket # 25 and 26] and David DeBoer [docket # 34 and 35] to withdraw as counsel for the Merricks;

(d) ORDERS that the December 28, 2006 judgment be set aside;

(e) DIRECTS that the clerk reopen the case; and

(f) ADVISES the parties that further proceedings herein will be scheduled by Magistrate Judge Christopher A. Nuechterlein.

SO ORDERED.

ENTERED:   June 13, 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court